SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

PAUL L. REIN, Esq., State Bar No.: 43053
PATRICIA BARBOSA, Esq., State Bar No.: 125865
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001

Attorney for Plaintiff
CAROLYN MARTIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>LOEHMANN'S, INC.; 222 SUTTER LP; and DOES 1-25, Inclusive,<br><br>    Defendants. | CASE NO. C 02 4616 CW ADR<br><u>Civil Rights</u><br><br>**FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff CAROLYN MARTIN complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC
ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY
(§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1. Plaintiff Carolyn Martin is a "person with a disability" or "physically handicapped

person."[1] Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the lack of disabled accessible entry, paths of travel, circulation, services, and other facilities to Plaintiff and other disabled persons at the Loehmann's clothing store at 222 Sutter Street, San Francisco, California (hereafter the "store"). Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Plaintiff was denied her rights to full and equal access at the store because it was not, and is not now, a facility properly accessible to physically disabled persons such as Plaintiff who use wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who attempts to shop at the store and to use the facilities will be provided accessible entry, proper accessible paths of travel, and proper access to all the facilities at the store. Plaintiff also seeks recovery of damages for her personal injuries and discriminatory experiences and denial of access, which is continuing as a result of Defendant's failure and refusal to provide accessible facilities, and seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in the said intradistrict and Plaintiff's causes of action arose in the said intradistrict.

6. **PARTIES:** Defendants are the owners, operators, lessors, and lessees of the property, building and/or portions thereof located at 222 Sutter Street, San Francisco, California This building is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of California Civil Code §54, et seq. On information and belief, such facility has, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per §19955-19959, <u>et. seq.</u> Health & Safety Code.

7. The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff ; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-25, Inclusive, are and were the owners, operators, lessors, and/or lessees of the subject property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code.

10. §§19955 and 19955.5 Health & Safety Code were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" is carried out. On information and belief, Defendants have carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of §4450ff Government Code.

11. On or about May 31, June 1, and June 4, 2002 Plaintiff was a customer shopping and making purchases at the store. On each occasion, Plaintiff encountered numerous obstacles which prevented her from obtaining full and equal access to the store and its facilities. On each occasion, Plaintiff could not access the store from its main entrance because steps block access to the store interior for persons such as Plaintiff who require the use of a wheelchair for mobility. On each occasion, Plaintiff was required to use a secondary entrance into an office building which contains a side entrance to the main level of the store and an elevator to the basement level of the building and a secondary entrance on the basement level. In this regard, both the door to the office building and the secondary doors to the store interior require the application of pressure in excess of that required by State and Federal law, and Plaintiff had to struggle to gain entry to both the building itself and the interior of store on each occasion. In addition, on Plaintiff's June 1, 2002 encounter, she found the entry door to the office building locked, which forced Plaintiff to return to the main entry to the store and to yell inside for assistance from a store employee in gaining access to the office building. Once inside the store, Plaintiff was unable to go between floor levels

1  on the interior of the store because there is no interior elevator: in order to go from one store level
2  to another, Plaintiff was required to exit the store, take the office building elevator between levels,
3  and re-enter the store. Once inside each store level, Plaintiff encountered great difficulty in
4  shopping because the aisle way space between the majority of racks of clothing on both levels was
5  and is too narrow to permit a person in a wheelchair to navigate and is narrower than permitted by
6  State and Federal law. In fact, on one of her store visits a rack that Plaintiff was trying to move
7  out of her way fell on Plaintiff, and on another of her store visits merchandise got caught in her
8  wheelchair which prevented her from moving until she obtained assistance from an employee to
9  free her wheelchair from the merchandise. As a result of being denied access as described above,
10 Plaintiff has been denied full and equal access in violation of her civil rights, all to her
11 embarrassment and humiliation, and she has suffered personal injuries and actual and statutory
12 damages according to proof.
13         12.     In addition to the lack of proper and accessible access at the store identified in the
14 next preceding paragraph, this public facility is inaccessible to persons with disabilities in other
15 aspects, including but not limited to the following: lack of proper disabled accessible restrooms;
16 lack of contrast striping on stairs; lack of proper kickplates on doors; lack of proper strike side
17 clearance on the basement level entry door; lack of accessible dressing rooms; lack of accessible
18 drinking fountains; and lack of proper disabled signage and symbols, all rendering the property
19 inaccessible to and unuseable by disabled persons. The facilities should be brought into
20 compliance with all applicable code requirements.
21         13.     Further, any violation of the Americans With Disabilities Act of 1990, (as pled in
22 the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein,
23 word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code,
24 thus independently justifying an award of damages and injunctive relief pursuant to California law,
25 including but not limited to §§54.3 and 55 Civil Code.
26         14.     Further, any violation of the Americans With Disabilities Act of 1990, (as pled in
27 the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein,
28 word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil

Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

15. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to that public facility. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Plaintiff, who wishes to return to the store, is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this public building and its facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

16. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff suffered a violation of her Civil Rights including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered personal injuries, physical discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the facilities on a full and equal basis as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

17. **PUNITIVE DAMAGES:** On information and belief, Defendants have been aware prior to Plaintiff's described encounter that their denial of access and their lack of accessible facilities at the building was denying "full and equal access" to disabled persons such as Plaintiff and would continue to deny such access on a daily basis until fully accessible facilities were provided for disabled persons.

18.  On information and belief, Defendants' acts and omissions in failing to provide the required accessible facilities prior to and subsequent to Plaintiff's encounter and injuries, so that these facilities could properly and safely be used by disabled persons, indicate actual and implied malice toward Plaintiff and other disabled persons, and constitute despicable conduct by Defendants with a willful and conscious disregard for the rights and safety of Plaintiff and of other disabled persons, and justify punitive and exemplary damages pursuant to §3294 Civil Code in an amount sufficient to make an example of Defendants and to carry out the purposes of §3294 Civil Code.

19.  **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees, litigation expenses, and costs, pursuant to the provisions of §§54.3 and 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure and other applicable law.

20.  Wherefore Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law. Plaintiff further requests that the court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101FF**

21. Plaintiff repleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 20 of this Complaint, and incorporates them herein as if separately repled.

22. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

23. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

24. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Defendants are "private entities" which are considered "public accommodations" for purposes of this title. .

25. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

26. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

27. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, and on infromation and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA, as well as per §19959 California Health and Safety Code.

28. On information and belief, as of the dates of Plaintiff's encounter at the premises and the filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled wheelchair users in other respects, which violated

Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of her disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

29. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)...injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

30. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

Wherefore Plaintiff prays for relief as hereinafter stated:

## **PRAYER**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with

1 disabilities, and which provide full and equal access, as required by law;

2     2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

    3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, and punitive damages in an amount sufficient to make an example of Defendants, all according to proof;

    4. Award to Plaintiff all reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

    5. Grant such other and further relief as this Court may deem just and proper.

Dated:      SIDNEY J. COHEN
    PROFESSIONAL CORPORATION


By_____
    Sidney J. Cohen
    Attorney for Plaintiff Carolyn Martin

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:      SIDNEY J. COHEN
    PROFESSIONAL CORPORATION


By_____
    Sidney J. Cohen
    Attorney for Plaintiff Carolyn Martin

### CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no interest to report.

Dated:      SIDNEY J. COHEN
    PROFESSIONAL CORPORATION

1
2                                                          By_____
                                                              Sidney J. Cohen
3                                                             Attorney for Plaintiff Carolyn Martin
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28